IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                                )
            Plaintiff,          )
                                )
v.                              )      Case No. CR-06-248-L
                                )
ARTHUR CLEON DRAPER, *et al.*,  )
                                )
LAVERTISE ANTWION CUDJOE,       )
ESCO LAJUAN THOMAS,             )
DONKAWA CANTRELL LARMOUTH,      )
TRINA MARIE BROWN,              )
EVERETT LAMONT CARR,            )
DEONDRE SHAWN COOPER,           )
                                )
            Defendants.         )

## O R D E R

In this multi-defendant case, defendants Lavertise Antwion Cudjoe

("Cudjoe"), Esco Lajuan Thomas ("Thomas"), Trina Marie Brown ("Brown"),

Everett Lamont Carr ("Everett Carr"), and Deondre Shawn Cooper ("Cooper")

filed motions for severance.  These motions were argued before the court during

the court's January 30-31, 2007 hearings on pretrial motions.  The court notes

that defendant Donkawa Cantrell Larmouth ("Larmouth") did not file a motion to

sever and Cudjoe's previously filed motion for severance was withrawn by

counsel at the hearing.  The court is prepared to rule on the remaining severance

motions.

Generally, the moving defendants seek severance pursuant to Fed. R.

Crim. P. 14 which provides for relief from prejudicial joinder: "If the joinder of offenses or defendants in an indictment. . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Thomas, charged in 12 counts of the indictment, argues there are three reasons for severance: (1) the likelihood that he will want to call at least one codefendant as a witness; (2) the likelihood that he will have an antagonistic defense to his codefendants; and (3) the prejudice to him because of the nature of the charges against the other defendants.

Brown, charged in 3 counts, argues that severance is appropriate because (1) the complexity of the charges and the number of defendants make it virtually impossible for the jury to give individual consideration to the three counts against her, and (2) only a handful of the wiretapped conversations concern or implicate Brown, but the jury "will surely conclude that such statements must in some way aid in proving the charges against her, particularly the conspiracy charged in Count 1."

With respect to Everett Carr, the court notes that the conspiracy charge has been dismissed with prejudice as to him.  Everett Carr remains charged in 3 counts, however, and argues for severance for the following reasons: (1) he would be prejudiced by a joint trial because of the numerous counts, none of which involve him, against the other alleged codefendants; (2) there is a

significant possibility that mutually antagonistic defenses will be raised; (3) a substantial number of the recorded telephone calls do not concern or implicate Everett Carr; and (4) the counts in which he is charged did not arise in the same series of transactions and there is no logical connection between the offenses.

Cooper, charged in 4 counts, argues that severance is appropriate due to prejudice and the negative spill-over effect that would result from being tried with the other defendants.  In addition, Cooper claims joinder was improper because there is no connection between him and the alleged conspiracy.  As Cooper's membership in the conspiracy is a quintessential issue of fact, the court denies Cooper's request for severance based on misjoinder.

In response, the government opposes severance, noting that Fed. R. Crim. P. 8 permits joinder of offenses or defendants in the same indictment to promote judicial economy.  According to the government, the defendants seeking severance have failed to meet the heavy burden required to prevail on a severance motion, arguing that a "defendant must demonstrate actual prejudice [for the failure to sever] and not merely a negative spill-over effect from damaging evidence presented against a co-defendant." United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1996).  The government also notes that since the time the motions for severance were filed, many defendants have entered into plea agreements, limiting to some degree the evidence that will now need to be presented at trial.  The government asserts that severance is not necessarily

mandated where codefendants have conflicting defenses.  Also, the government

argues that in a conspiracy trial "it is preferred that persons charged together be

tried together."  United States v. Iiland, 254 F.3d 1264, 1269-70 (10th Cir. 2001).

Upon thorough review of the severance motions and the government's

response, and upon careful consideration of the arguments and comments of

counsel at the hearing in favor of and against severance, the court concludes that

Everett Carr's Motion to Sever **[Doc. No. 335]** should be and is hereby

**GRANTED.**  As noted, the court has granted the government's motion to dismiss

the conspiracy count (Count 1) against Everett Carr.   Furthermore, at the recent

hearings, the government acknowledged that it has no evidence to indicate that

Everett Carr is a member of any gang.  These factors differentiate Everett Carr's

case from the other remaining defendants, who are charged with conspiracy and

are alleged to have gang affiliations.  If Everett Carr was tried in the same case

with these other defendants, much of the evidence presented would relate to the

alleged conspiracy.  Since the conspiracy count has been dismissed as to Everett

Carr, the court believes that the presentation of the conspiracy evidence, which

may be extensive, would be prejudicial.  In considering all the relevant factors,

the court concludes that Everett Carr's trial should be severed from the trial of the

other defendants.

The court finds that the remaining defendants should be tried together.

Much of the evidence presented at a joint trial, including the conspiracy evidence,

will be relevant to all defendants.  The jury will properly be instructed regarding

the need to consider each defendant and each count separately.  As mentioned,

Cudjoe no longer seeks severance and Larmouth has not requested severance.

The court finds that the allegations of potential prejudice by the other defendants,

*i.e.*, Thomas, Brown, and Cooper, do not require severance.  The concerns

raised by the severance motions, while not insignificant, do not outweigh the

inconvenience of separate trials.  Accordingly, the motions for severance filed by

Thomas, Brown, and Cooper **[Doc. Nos. 318, 267 & 305]** are **DENIED.**  The joint

trial for defendants Cudjoe, Thomas, Larmouth, Brown, and Cooper will

commence on February 12, 2007.

Defendants Thomas and Brown filed Motions in Limine Regarding Gang

Affiliation Evidence which the court has also considered.  These defendants

argue that gang-related evidence is not relevant, and even if marginally relevant,

the probative value is substantially outweighed by the danger of unfair prejudice

under Fed. R. Evid. 403.  Thomas and Brown recognize, however, that the Tenth

Circuit has permitted gang affiliation evidence under certain circumstances to

show bias or motive on the part of witnesses, *e.g.*, United States v. Elkins, 70

F.3d 81, 83 (10th Cir. 1995).  The government states that it is not its intention to

dwell on the issue of gang membership.   According to the government, evidence

regarding gang membership is significant in proving the existence of the

conspiracy and the interrelationship between the defendants.

Upon consideration of the authorities cited by the parties, the court finds

that the Motions in Limine Regarding Gang Affiliation  **[Doc. Nos. 259 & 313]**

should be **DENIED** at this time.  However, the court may revisit this issue at trial if

it appears that the prejudicial effect of the presentation of the gang-related

evidence begins to outweigh its probative value.

It is so ordered this 2nd day of February, 2007.

_____

TIM LEONARD
United States District Judge